**AKERMAN LLP**
MISHELL PARRENO TAYLOR (SBN 256850)
E-mail: mishell.taylor@akerman.com
JONATHAN M. TURNER (SBN 320614)
E-mail: jonathan.turner@akerman.com
601 W. Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

Attorneys for Defendant
TRANSCORE, LP

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CARAGAN, GENESIS QUINONES, CHRISTOPHER BURBANO, ZACHARY MUNCY, ADRIAN VALMONTE, JEFRY MARTINEZ, ALBERT GASPAR, JOHN FULLER, DAMAN CHANDRA, JAMES MCCORMICK, DERRICK KERR, MANUEL FRANK GARZA JR., and ROBERTO GONZALEZ, each as an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSCORE, LP, a Delaware Corporation; LUKAS GRILL, as an Individual; KERRY WALCOTT, as an Individual; and DOES 1 through 200, inclusive,<br><br>Defendants. | Case No.<br><br>[*Removed from Alameda County Superior Court* Case No. 22CV018178]<br><br>**DEFENDANT TRANSCORE, LP'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>(Filed Concurrently with Civil Cover Sheet; Declarations of Jonathan M. Turner and Doug Terry; Certification of Interested Entities or Persons)<br><br>Complaint filed: September 19, 2022<br>Trial Date:        None |

1

**DEFENDANT TRANSCORE, LP'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**

66947637;2

**TO THE CLERK OF THE UNITED SATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE THAT, TransCore, LP hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Alameda to the United States District Court for the Northern District of California on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441(b), and 28 U.S.C. § 1446. As grounds for removal, Defendant states as follows:

## PROCEDURAL BACKGROUND

1. Plaintiffs Andrew Caragan, Genesis Quinones, Christopher Burbano, Zachary Muncy, Adrian Valmonte, Jefry Martinez, Albert Gaspar, John Fuller, Daman Chandra, James McCormick, Derrick Kerr, Manuel Frank Garza Jr. and Roberto Gonzalez, ("Plaintiffs"), filed their Complaint for Damages ("Complaint") against Defendants TransCore, LP, a Delaware limited partnership ("TransCore"), individual defendants Lukas Grill ("Grill") and Kerry Walcott ("Walcott"), and DOES 1 through 200 on September 19, 2022 in California Superior Court for the County of Alameda, Civil Case No. 22CV018178 (the "State Court Action"). In their Complaint, Plaintiffs assert causes of action for (1) Failure to Pay Wages and Overtime (California Labor Code §§ 558.1, 1194, 510, 558, 201-204); (2) Failure To Pay Prevailing Wages on Public Works (California Labor Code §§ 558.1, 1194, 1771, 1774,); (3) Failure To Provide Or Otherwise Compensate For Missed Meal And Rest Breaks (California Labor Code §§ 226.7, 512 and 558); (4) Failure to Pay Wages of Terminated Or Resigned Employees (California Labor Code §§ 201-203, 558); (5) Recovery Under Public Works Bonds (California Civil Code § 9558); and (6) Unfair Competition (California Business & Professions Code §§ 17200, *et seq*.).

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Plaintiffs Zachary Muncy, Jefry Martinez, Albert Gaspar, Derrick Kerr, and Roberto Gonzalez were never TransCore employees.

## TIMELINESS OF REMOVAL

2. On September 22, 2022, Plaintiffs served TransCore's agent for service of process with the following documents: (1) Summons; (2) Complaint For Damages; (3) Alternative Dispute Resolution Information Packet; (4) Civil Case Cover Sheet; (5) Civil Case Cover Sheet Addendum; (6) Notice of Case Assignment; (7) Notice of Case Management Conference; (8) Certificate of Mailing. True and correct copies of these materials are filed herewith as Exhibits 1 through 8 of the Declaration of Jonathan M. Turner ("Turner Decl."). TransCore filed an Answer to the Complaint for Damages on October 21, 2022, a copy of which is attached as Exhibit 9 to the Declaration of Jonathan M. Turner.

3. As of the filing of this Notice of Removal, Defendants Grill and Walcott have not been served with the Summons or Complaint.

4. No other process, pleadings, or papers have been filed in the State Court Action and no further proceedings have been had.

5. DOES 1 through 200 have not been identified, nor is there any record of their having been served with the Summons or the Complaint in the State Court Action.

6. Removal in this action is timely as required by 28 U.S.C. § 1446(b), having been accomplished within 30 days of the date of first service of the State Court Action on Defendant TransCore, LP, which was September 22, 2022, and within one year of the date the State Court Action was filed, which was September 19, 2022.

## REMOVAL JURISDICTION

7. TransCore is entitled to remove the State Court Action on the grounds that this Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332

2
**DEFENDANT TRANSCORE, LP'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**

66947637;2

and it is an action which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because: (1) this action is a civil action between citizens of different states, as Plaintiffs are citizens of California and TransCore, LP is a citizen of Delaware and Tennessee; (2) Defendants Grill and Walcott are sham defendants whose citizenship should be disregarded for purposes of removal; and (3) this action involves an amount in controversy exceeding $75,000, exclusive of interests and costs as described below.

8.   For purposes of diversity under 28 U.S.C. § 1332, an individual's citizenship is determined by the individual's domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is his or her permanent home, where they reside with the intent to remain or to which they intend to return. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Here, each Plaintiff has asserted within the Complaint that he or she is a resident of the State of California, and has been for all relevant times therein. (Complaint, ¶¶ 3-15). Moreover, Plaintiffs have filed the State Court Action in the Superior Court of the State of California in Alameda County, further availing themselves to California's judicial resources and indicating their intent to remain in California. Based on these considerations, Plaintiffs are citizens of California for purposes of diversity jurisdiction.

9.   The citizenship of a limited partnership is determined by considering the citizenship of each partner to the partnership. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S. Ct. 1015, 1017, 108 L. Ed. 2d 157 (1990); *see also Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Here, TransCore is a Delaware limited partnership, and was at the time of the filing of the State Court Action, and TransCore's sole general partner, TLP Holdings, LLC, is a resident of Tennessee. (Terry Decl., ¶ 3). Accordingly, TransCore is a citizen of

3
**DEFENDANT TRANSCORE, LP'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**

66947637;2

Delaware and Tennessee for purposes of diversity jurisdiction, and TransCore and Plaintiffs are completely diverse. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, n. 1 (2005) ("to meet the complete diversity requirement, all partners, limited as well as general, must be diverse from all parties on the opposing side.").

## FRAUDULENTLY JOINED INDIVIDUAL SHAM DEFENDANTS

10. In an attempt to destroy diversity of citizenship, Plaintiffs have fraudulently joined sham individual defendants Grill and Walcott, who are both alleged to be a California residents. (Complaint, ¶¶ 18-19). Fraudulently joined defendants will not defeat removal on diversity grounds and should be disregarded for purposes of determining diversity jurisdiction. *Isaacs v. Broido*, 358 F. App'x 874, 876 (9th Cir. 2009); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

11. Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

12. Here, Plaintiffs have failed to state a cause of action against resident defendants Grill and Walcott and the failure is obvious according to the settled rules of the state. Specifically, Plaintiffs complaint alleges against Grill and Walcott causes of action under the California Labor Code for (1) failure to pay wages and overtime, (2) failure to pay prevailing wages, (3) failure to pay missed meal and rest breaks, and (4) failure to pay wages due at separation. (Complaint, ¶¶ 37-67).

13. While California Labor Code §558.1(b) allows claims against "other person acting on behalf of an employer", such claims may only be brought against "a natural person who is an owner, director, officer, or managing agent of the employer."

Cal. Lab. Code § 558.1; *see also Espinoza v. Hepta Run, Inc.,* 74 Cal. App. 5th 44, 57 (2022).

14. Here, Grill and Walcott are not employers or "persons acting on behalf of an employer" with respect to the alleged Labor Code violations because neither was an "owner, director, officer, or managing agent of the employer." *See Espinoza v. Hepta Run, Inc.*, 74 Cal. App. 5th 44, 59 (2022). Moreover, as emphasized in *Espinoza,* in order for liability to attach, "an individual must have engaged in some affirmative action beyond his or her status as an owner, officer or director of the corporation." *Id.*; *see also Usher v. White*, 64 Cal. App. 5th 883, 897 (2021) (to be held personally liable as an "other person acting on behalf of an employer" under the statute setting forth persons liable for certain wage-and-hour violations, an owner of the employer must either have been personally involved in the purported violation or, absent such personal involvement, had sufficient participation in the activities of the employer).

15. As the Court emphasized in Espinoza, "to be held personally liable he or she must have had some oversight of the company's operations or some influence on corporate policy that resulted in Labor Code violations." *Espinoza v. Hepta Run, Inc.*, 74 Cal. App. 5th 44, 59 (2022); *see also Carter v. Rasier-CA*, LLC, No. 17-CV-00003-HSG, 2017 WL 4098858, at *5 (N.D. Cal. Sept. 15, 2017), aff'd, 724 F. App'x 586 (9th Cir. 2018) (dismissing claims premised on liability under section 558.1 where plaintiffs failed to allege specific facts to establish that the individual defendant was "personally involved" in the state wage and hour violations – "Plaintiff must allege specific facts to establish that Kalanick was personally involved in the alleged violations, including withholding Plaintiff's minimum wage and overtime compensation… and overseeing the "technical issue" that prevented Plaintiff from using the application."].

16. Here, Plaintiffs allege no facts to support either individual defendants purported personal involvement in the alleged violations. For example, Plaintiffs assert that Grill approved Plaintiffs daily schedule (Complaint, ¶ 18), however Plaintiffs fail to allege that Grill had any control over payment of wages, administering meal or rest breaks, or other similar conduct. *See Carter*, 2017 WL 4098858, at *5 (dismissing claims where plaintiff failed to "allege specific facts to establish that [Defendant] was personally involved in the alleged violations, including withholding Plaintiff's minimum wage and overtime compensation."). Similarly, Plaintiffs allege that Walcott "interacted on a daily basis with the installation managers", however, Plaintiffs fail to draw any connection between these interactions and the purported violation of the California Labor Code. Accordingly, Plaintiffs have not stated claims against Grill and Walcott, who have been fraudulently joined as sham defendants in this action solely to destroy diversity of citizenship.

17. Plaintiffs inability to state a claim against Grill and Walcott makes joinder of these defendants fraudulent as a matter of law. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Therefore, the joinder and citizenship of the sham defendants should be ignored, and this case may be removed to this Court based on the diversity of citizenship that existed between Plaintiffs (California) and TransCore (Delaware and Tennessee) at the time Plaintiffs' Complaint was filed and at the time of removal.

18. The fictitious defendants named in the Complaint as DOES 1-200 are disregarded for the purposes of removal, in accordance with 28 U.S.C. § 1441(a).

19. Venue lies in this Court because Plaintiffs' action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

## AMOUNT IN CONTROVERSY

20. Defendant alleges that based on Plaintiffs' Complaint, it is facially apparent that the amount in controversy in this action exceeds the jurisdictional

minimum of $75,000. "The calculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract." *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (factual allegations in the Complaint, along with the types of damages plaintiff sought made it facially apparent that the amount in controversy exceeded the $75,000 jurisdictional amount).

21.  Plaintiffs Complaint does not seek a specific amount of damages, however, a defendant may remove a suit to a federal court notwithstanding the failure of a plaintiff to plead a specific dollar amount in controversy. Where, as here, a plaintiff alleges no specific amount of damages, a removing defendant need only show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See Lowdermilk v. United States Nat'l Assoc*, 479 F.3d 994, 998 (9th Cir. 2007); *see also Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006). To satisfy the preponderance of the evidence standard, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is satisfied. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Additionally, in determining the amount in controversy, the Court may look beyond the complaint to determine whether the amount in controversy is met. *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 690 (9th Cir. 2006).

22.  Here, only eight of the thirteen Plaintiffs were ever employed by TransCore. Plaintiffs Andrew Caragan, Genesis Quinones, Christopher Burbano, Adrian Valmonte, John Fuller, Daman Chandra, James McCormick, and Manuel Frank Garza Jr. each worked with TransCore for periods of time between September 2016 and June 2022. (Terry Decl., ¶¶ 6-13). During their employment, these

Plaintiffs were eligible for meal and rest breaks. (*Id*.). In their Complaint, Plaintiffs allege six causes of action, including individual wage claims under the California Labor Code for (1) meal break violations (California Labor Code §§ 226.7, 512 and 558), (2) rest break violations (California Labor Code §§ 226.7 and 558), (3) failure to timely pay wages due at separation (California Labor Code §§ 201-203, 558), and (4) failure to provide accurate itemized wage statements (California Labor Code § 226(a)). (Complaint, ¶¶ 37-67). Even considering only those eight Plaintiffs that were ever employed by TransCore, and only those four California Labor Code Violations, Plaintiffs exceed the $75,000 amount in controversy threshold for purposes of diversity jurisdiction.

**Plaintiffs' Third Cause of Action for Failure to Pay Missed Meal and Rest Breaks Places at Least $18,411.20 in Controversy for Eight of the Thirteen Plaintiffs**

23.   As noted above, only eight of the thirteen Plaintiffs were ever employed by TransCore; solely evaluating their claims places over $18,000 in controversy. As alleged in Plaintiffs' Complaint with respect to the third cause of action, while Plaintiffs allegations do not specifically identify the number of meal and rest breaks purportedly missed, Plaintiffs do allege that Defendants "routinely failed to provide Plaintiffs with an uninterrupted 30-minute meal break for a work period of more than five hours per day and/or routinely failed to provide Plaintiffs with an uninterrupted second 30-minute meal break for a work period of more than 10 hours per day[.]" (Complaint, ¶ 59). Additionally, Plaintiffs allege that Defendants "routinely failed to provide Plaintiffs with 10-minute paid rest periods every 4 hours of work, or major fraction thereof[.]" (Complaint, ¶ 59).

24.   The New Oxford American Dictionary defines "routinely" as "part of a regular procedure rather than for a special reason." As such, a reasonable reading of

Plaintiffs' missed meal and rest break claims supports TransCore's assumption that the Complaint places at least one meal period and one rest break claim per week.

25. Within the applicable four year limitations period, on average, each of the eight Plaintiffs that was employed by TransCore worked a total of 37 months at an average hourly rate of $31.10. Assuming just a single rest break violation for each individual per month places at least $9,205.60 in controversy with respect to rest break claims: that is, the $31.10 average hourly rate, multiplied by 37 months, multiplied by eight individual employees. Similarly, assuming just a single meal break violation for each individual per month places another $9,205.60 in controversy: that is, the $31.10 average hourly rate, multiplied by 37 months, multiplied by eight individual employees. This brings the combined total in controversy with respect to meal and rest break violations to $18,411.20.

### Plaintiffs' Fourth Cause of Action for Failure to Timely Pay Wages Due at Separation Places at Least $59,712.00 in Controversy for Eight of the Thirteen Plaintiffs.

26. Sections 201 and 202 of the California Labor Code requires an employer to pay employees all wages due within 72 hours of termination of employment. California Labor Code Section 203 provides that an employer who willfully fails to timely pay wages to an employee who is discharged or quits, must pay, as a penalty, the "wages of the employee . . . from the due thereof . . .until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days".

27. Here, Plaintiffs alleges that Defendant failed to timely pay wages due at separation, and that "[a]s a consequence of Defendants' willful conduct in not paying all earned wages when due, Plaintiffs are entitled to an additional 30 days wages under Labor Code section 203". (Complaint, pp 67).

28. Allegations of "willful" failure to timely pay final wages based on alleged overtime and meal and rest break violations are sufficient to support assumptions of waiting time penalties at a 100% violation rate. *See Garza v. Brinderson Constructors, Inc.*, No. 15-CV-02661-RMW, 2016 WL 1298380, at *4 (N.D. Cal. Apr. 4, 2016); *see also Ford v. CEC Entm't, Inc.*, No. CV 14-01420 RS, 2014 WL 3377990 (N.D. Cal. July 10, 2014) ("Assuming a 100% violation rate is thus reasonably grounded in the complaint . . . Because no averment in the complaint supports an inference that these sums were ever paid, Ford cannot now claim class members may be awarded less that the statutory maximum."); *see also Trigueros v. Stanford Fed. Credit Union*, No., 21-CV-01079-BLF, 2021 WL 2649241 (N.D. Cal. June 28, 2021) (finding a 100% violation rate on waiting time penalties to be reasonable when plaintiff tied her waiting time penalties to other claims and does not qualify her language to suggest that not all putative class members seek waiting time penalties.")

29. Here, the average shift length for each of the eight Plaintiffs employed by TransCore was an 8 hours. (Terry Decl., ¶ 14). Additionally, the average hourly rate for these Plaintiffs was $31.10. (*Id*.) Based on Plaintiffs' allegation that Defendant "willfully" failed to pay full wages at the time of discharge, Defendant may reasonably assume that each of the eight former employees was entitled to 30 days of continuous wages at 8 hours of standard pay per day – thus, Plaintiff's claim for waiting time penalties places an additional at least $59,712.00 in controversy ($31.10 per hour x 8 hours per day x 30 days x 8 employees).

**Plaintiffs' Allegations Claiming Inaccurate Wage/Itemized Statements Place at Least $32,000 in Controversy for Eight of the Thirteen Plaintiffs.**

30. Under California Labor Code § 226(e), an injured employee can recover actual damages or penalties of $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent pay period, up to an aggregate penalty of $4,000, for a knowing and intentional violation. Additionally, there is a

one-year statute of limitations on claims for wage statement penalties. Cal. Code Civ. Proc. § 340(a).

31. Even assuming that 50% of the wage statements provided to the eight employees were inaccurate places at least $32,000 more in controversy: that is $50 per Plaintiff for each initial pay period violation and $100 per Plaintiff for each subsequent pay period violation up to the aggregate penalty amount of $4000 per Plaintiff ($4000 aggregate penalty amount multiplied by the eight individual employees equals $32,000 in penalties).

32. Moreover, as shown on the Civil Case Cover Sheet filed by Plaintiffs in the State Court Action, Plaintiffs filed the State Court Action as an "Unlimited Civil" matter, meaning that the "[a]mount demanded exceeds $25,000." (Turner Decl., Exhibit 4).

33. Accordingly, the total alleged liability for only four of the California Labor Code violations alleged by only eight of the thirteen Plaintiffs is $110,123.20, which exceeds the amount in controversy jurisdictional sum or value of $75,000.

### Plaintiff's Request for Attorneys' Fees Places Additional Amounts in Controversy, Exceeding the Jurisdictional Sum Required

34. Finally, Plaintiffs seek recovery for attorneys' fees and costs. (Complaint, ¶ 46, 53, 61, 67, 72). It is well settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of a plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, court may estimate amount of reasonable

attorneys' fees likely to be recovered by plaintiff if she were to prevail). Here, portions of the California Labor Code authorizes recovery of attorneys' fees if there is a finding of liability. While Plaintiffs' attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

35. Moreover, a defendant may use awards in other cases to establish the amount in controversy. *Simmons*, 209 F.Supp.2d at 1033. Attorneys' fee awards in under the California Labor Code can be sizeable. *See Carter v. Jai-Put Enter. Inc.*, No. 18-CV-06313-DMR, 2022 WL 4371503, at *16 (N.D. Cal. Sept. 21, 2022) (authorizing fee award of $173,435 to plaintiff who prevailed on claims under California Labor Code, including meal/rest break, overtime, and inaccurate wage statement violations by former employer); *see also see also Perez v. Safety-Kleen Sys., Inc.*, 448 F. App'x 707, 708 (9th Cir. 2011) (affirming trial court's award of $640,995.25 in attorneys' fees). Thus, Plaintiffs' demand for attorneys' fees further increases the amount in controversy.

36. Conservatively estimating attorneys' fees at the rate of $400/hour, and using a conservative estimate of 150 hours, this adds at least an additional $60,000.00 to the amount in controversy.

37. Finally, Plaintiffs also seeks such open-ended relief "[s]uch other relief as the court deems just and proper under the circumstances." (Complaint, Prayer for Relief ¶ 4). Although uncertain in amount, these additional damages claimed only serve to increase the amount in controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.").

38. Accordingly, the grand total in controversy, including attorneys' fees, is at least $170,123.20:

| Meal Period Premium (Assume 1 per month) | Rest Period Premium (Assume 1 per month) | Timely Pay Final Wages at Termination | Inaccurate Wage/Itemized Statements (50% Assumption) | Attorneys' Fees | Total |
|---|---|---|---|---|---|
| $9,205.60 | $9,205.60 | $59,712.00 | $32,000.00 | $60,000.00 | **$170,123.20** |

## CONCLUSION

39. The Court has diversity jurisdiction over the this matter. Complete diversity of citizenship exists between Plaintiffs, who are citizens of California, and TransCore which is a citizen of Delaware and Tennessee. Additionally, Grill and Walcott are sham defendants whose citizenship should be disregarded for purposes of determining diversity jurisdiction. Lastly, the amount in controversy exceeds $75,000. Removal of the State Court Action to this Court pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441(b), 28 U.S.C. § 1446 is therefore appropriate.

Dated: October 24, 2022                         **AKERMAN LLP**

                                                By: */s/ Jonathan M. Turner*
                                                     Mishell Parreno Taylor
                                                     Jonathan M. Turner
                                                     Attorneys for Defendant TransCore, LP

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 601 W. Fifth Street, Suite 300, Los Angeles, CA 90071.

On October 24, 2022, I served the following document(s) described as: **DEFENDANT TRANSCORE, LP'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT** on the persons below as follows:

| | |
|---|---|
| **DONAHOO & ASSOCIATES, PC**<br>Richard E. Donahoo<br>Sarah L. Kokonas<br>Judith L. Camilleri<br>William E. Donahoo<br>440 W. First Street, Suite 101<br>Tustin, California 92780<br>Telephone: (714) 953–1010<br>Facsimile: (714) 953–1777<br>Email:<br>rdonahoo@donahoo.com<br>skokonas@donahoo.com<br>jcamilleri@donahoo.com<br>wdonahoo@donahoo.com | Attorneys for Plaintiffs |

☒  I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1).

☒  (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **October 24, 2022**, at Los Angeles, California.

|  |  |
|---|---|
| Annie C. Tualla<br>(Type or print name) | /s/ Annie C. Tualla<br>(Signature) |