# Exhibit 2

Richard E. Donahoo (SBN 186957)
Sarah L. Kokonas (SBN 262875)
Judith L. Camilleri (SBN 282503)
William E. Donahoo (SBN 322020)
**DONAHOO & ASSOCIATES, PC**
440 W. First Street, Suite 101
Tustin, California 92780
Telephone (714) 953–1010
Facsimile (714) 953–1777
Email: rdonahoo@donahoo.com
        skokonas@donahoo.com
        jcamilleri@donahoo.com
        wdonahoo@donahoo.com

Attorneys for Plaintiffs

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
09/19/2022 at 03:11:03 PM
By: Xian-xii Bowie,
Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| ANDREW CARAGAN, GENESIS QUINONES, CHRISTOPHER BURBANO, ZACHARY MUNCY, ADRIAN VALMONTE, JEFRY MARTINEZ, ALBERT GASPAR, JOHN FULLER, DAMAN CHANDRA, JAMES MCCORMICK, DERRICK KERR, MANUEL FRANK GARZA JR., and ROBERTO GONZALEZ, each as an Individual,<br><br>       Plaintiffs,<br><br>    v.<br><br>TRANSCORE, LP, a Delaware Corporation; LUKAS GRILL, as an Individual, KERRY WALCOTT, as an Individual; and DOES 1 through 200, inclusive,<br><br>       Defendants. | Case No. 22CV018178<br>Judge:<br>Dept:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Failure to Pay Wages and Overtime (Labor Code §§558.1, 1194, 510, 558, 201-204);<br>2. Failure To Pay Prevailing Wages on Public Works (Cal. Lab. Code §§ 558.1, 1194, 1771, 1774,);<br>3. Failure To Provide Or Otherwise Compensate For Missed Meal And Rest Breaks (Cal. Lab. Code §§ 226.7, 512 and 558);<br>4. Failure to Pay Wages of Terminated Or Resigned Employees (Cal. Lab. Code §§201-203, 558);<br>5. Recovery Under Public Works Bonds (Cal. Civ. Code §9558);<br>6. Unfair Competition in Violation of Cal. Bus. & Prof. Code §§17200, et seq.<br><br>**JURY TRIAL DEMANDED** |

1

COMPLAINT

COME NOW ANDREW CARAGAN, GENESIS QUINONES, CHRISTOPHER BURBANO, ZACHARY MUNCY, ADRIAN VALMONTE, JEFRY MARTINEZ, ALBERT GASPAR, JOHN FULLER, DAMAN CHANDRA, JAMES MCCORMICK, DERRICK KERR, MANUEL FRANK GARZA JR. and ROBERTO GONZALEZ, ("Plaintiffs"), who hereby demand trial by jury and complain and allege against Defendants TRANSCORE, LP; a Delaware Corporation ("TRANSCORE"); LUKAS GRILL ("GRILL") and KERRY WALCOTT ("WALCOTT") as Individuals; and DOES 1 through 200 as follows:

## I. INTRODUCTION

1.      Plaintiffs were employed on public works projects in California, and now bring this action against their former employer, Defendants TRANSCORE, and other persons acting on behalf of their employer GRILL and WALCOTT and Does 1 through 150 who (1) failed to pay Plaintiffs their lawful wages, including overtime; and (2) failed to pay Prevailing Wages (Labor Code §§1770 *et seq.*) on public works projects. Plaintiffs seek damages and equitable relief resulting from systemic noncompliance with California's wage and hour laws.

2.      For Plaintiffs' work on public works projects, Plaintiffs also seek recovery against DOES 151 through 200 ("Defendant Sureties") who, Plaintiffs are informed and believe, acted as sureties and who issued statutory payment bonds on the public works projects at issue.

## II. THE PARTIES

**A.      PLAINTIFFS**

3.      Plaintiff ANDREW CARAGAN at all relevant times herein was an individual and resident of California. Within the last four years, Mr. CARAGAN was employed by Defendant TRANSCORE. During his employment, including within the last four years, he worked in execution of California public works projects as such term is defined by Labor Code §1720. Plaintiff worked on various public works projects including in the County of San Francisco and Alameda.

4.      Plaintiff GENESIS QUINONES at all relevant times herein is an individual and resident of California. Within the last four years, Mr. QUINONES was employed by Defendant TRANSCORE. During his employment, including within the last four years, he worked in

1  execution of California public works projects as such term is defined by Labor Code §1720.
2  Plaintiff worked on various public works projects including in the County of San Francisco and
3  Alameda.

4      5.      Plaintiff CHRISTOPHER BURBANO at all relevant times herein is an individual
5  and resident of California. Within the last four years, Mr. BURBANO was employed by Defendant
6  TRANSCORE. During his employment, including within the last four years, he worked in
7  execution of California public works projects as such term is defined by Labor Code §1720.
8  Plaintiff worked on various public works projects including in the County of San Francisco and
9  Alameda.

10     6.      Plaintiff ZACHARY MUNCY at all relevant times herein is an individual and
11  resident of California. Within the last four years, Mr. MUNCY was employed by Defendant
12  TRANSCORE. During his employment, including within the last four years, he worked in
13  execution of California public works projects as such term is defined by Labor Code §1720.
14  Plaintiff worked on various public works projects including in the County of San Francisco and
15  Alameda.

16     7.      Plaintiff ADRIAN VALMONTE at all relevant times herein is an individual and
17  resident of California. Within the last four years, Mr. VALMONTE was employed by Defendant
18  TRANSCORE.  During his employment, including within the last four years, he worked in
19  execution of California public works projects as such term is defined by Labor Code §1720.
20  Plaintiff worked on various public works projects including in the County of San Francisco and
21  Alameda.

22     8.      Plaintiff JEFRY MARTINEZ at all relevant times herein is an individual and
23  resident of California. Within the last four years, Mr. MARTINEZ has been employed by
24  Defendant TRANSCORE. During his employment, including within the last four years, he worked
25  in execution of California public works projects as such term is defined by Labor Code §1720.
26  Plaintiff worked on various public works projects including in the County of San Francisco and
27  Alameda.

28

1    9.    Plaintiff ALBERT GASPAR at all relevant times herein is an individual and
2 resident of California. Within the last four years, Mr. GASPAR has been employed by Defendant
3 TRANSCORE.  During his employment, including within the last four years, he worked in
4 execution of California public works projects as such term is defined by Labor Code §1720.
5 Plaintiff worked on various public works projects including in the County of San Francisco and
6 Alameda.

7    10.    Plaintiff JOHN FULLER at all relevant times herein is an individual and resident
8 of California. Within the last four years, Mr. FULLER has been employed by Defendant
9 TRANSCORE. During his employment, including within the last four years, he worked in
10 execution of California public works projects as such term is defined by Labor Code §1720.
11 Plaintiff worked on various public works projects including in the County of San Francisco and
12 Alameda.

13    11.    Plaintiff DAMAN CHANDRA at all relevant times herein is an individual and
14 resident of California. Within the last four years, Mr. CHANDRA has been employed by
15 Defendant TRANSCORE. During his employment, including within the last four years, he worked
16 in execution of California public works projects as such term is defined by Labor Code §1720.
17 Plaintiff worked on various public works projects including in the County of San Francisco and
18 Alameda.

19    12.    Plaintiff JAMES MCCORMICK at all relevant times herein is an individual and
20 resident of California. Within the last four years, Mr. MCCORMICK has been employed by
21 Defendant TRANSCORE. During his employment, including within the last four years, he worked
22 in execution of California public works projects as such term is defined by Labor Code §1720.
23 Plaintiff worked on various public works projects including in the County of San Francisco and
24 Alameda.

25    13.    Plaintiff DERRICK KERR at all relevant times herein is an individual and resident
26 of California. Within the last four years, Mr. KERR has been employed by Defendant
27 TRANSCORE.  During his employment, including within the last four years, he worked in
28 execution of California public works projects as such term is defined by Labor Code §1720.

1  Plaintiff worked on various public works projects including in the County of San Francisco and
2  Alameda.

3      14.    Plaintiff MANUEL FRANK GARZA JR. at all relevant times herein is an
4  individual and resident of California. Within the last four years, Mr. GARZA has been employed
5  by Defendant TRANSCORE. During his employment, including within the last four years, he
6  worked in execution of California public works projects as such term is defined by Labor Code
7  §1720. Plaintiff worked on various public works projects including in the County of San Francisco
8  and Alameda.

9      15.    Plaintiff ROBERTO GONZALEZ at all relevant times herein is an individual and
10  resident of California. Within the last four years, Mr. GONZALEZ has been employed by
11  Defendant TRANSCORE. During his employment, including within the last four years, he worked
12  in execution of California public works projects as such term is defined by Labor Code §1720.
13  Plaintiff worked on various public works projects including in the County of San Francisco and
14  Alameda.

15      **B.    THE DEFENDANTS**

16      16.    On information and belief, Plaintiffs allege that Defendant TRANSCORE, LP
17  ("TRANSCORE") is, and at all times mentioned herein was, a Delaware corporation, authorized
18  to do business in the State of California, that conducted business in counties, including counties of
19  San Francisco and Alameda California. Since 1939, TRANSCORE has comprehensive solutions
20  for transportation systems around the world. They specialize in the building, installation and the
21  maintenance of toll collection systems, back office customer service centers and maintenance
22  monitoring centers to assist transportation departments and agencies across the United Stated.
23  TRANSCORE specializes in electronic tolling, intelligent transportation systems and Radio
24  Frequency Identification (RFID) systems. TRANSCORE's principal place of business is 150 4th
25  Ave N STE 1200 NASHVILLE, TN 37219.

26      17.    Under information and belief, and at all relevant times TRANSCORE and Does 1
27  through 150 acted as a contractor and/or subcontractor as defined by Labor Code §1722.1 and was
28  engaged under and by virtue of the laws of the State of California in execution of public works

1  contracts. Defendant TRANSCORE engaged in the execution of California public works projects,

2  including but not limited to construction and maintenance projects listed in **Exhibit A**.

3      18.     Defendant LUKAS GRILL ("GRILL") is, and at all relevant times hereto was an

4  individual citizen of California and is and was an employee, agent and/or representative of

5  Defendant TRANSCORE.  Plaintiffs are informed and believe that GRILL was TRANSCORE's

6  Associate Vice President, Area Manager, including for work performed on the public works

7  projects in San Francisco and Alameda California on behalf of his employer TRANSCORE.

8  GRILL responsibilities with TRANSCORE includes but is not limited to supervising and

9  managing field supervisors responsible for securing public works projects and managing the field

10  services. GRILL approved Plaintiffs daily schedule, job assignments and the order and priority of

11  the work to be performed, including public projects that require the payment of prevailing wages.

12  GRILL is responsible for hours worked, how the company is performing customer service and

13  time off requests from the workers.  GRILL is aware that the workers under his direction and

14  control are not being paid the proper prevailing wages.  On behalf of his employer TRANSCORE,

15  GRILL violated or caused to be violated certain provisions of applicable Industrial Wage Orders

16  and the Labor Code, including but not limited to minimum wage requirements and the payment of

17  prevailing wages under Labor Code §§226.7, 558.1, 510, 1194, 1771 and 1774.)

18      19.     Defendant KERRY WALCOTT ("WALCOTT") is, and at all relevant times hereto

19  was an individual citizen of California and is and was an employee, agent and/or representative of

20  Defendant TRANSCORE. Plaintiffs are informed and believe that WALCOTT was

21  TRANSCORE's Senior Project Manager, including for work performed on the public works

22  projects in California. WALCOTT responsibilities included helping TRANSCORE secure public

23  works projects from the awarding bodies. WALCOT was also aware of the rates that the Plaintiffs

24  were being paid and WALCOTT interacted on a daily basis with the installation managers and

25  other day-to-day job site supervisors managing the Plaintiffs.  WALCOT personally hired many

26  of the Plaintiffs, on boarding them as direct employees of TRANSCORE approving the hiring of

27  new personal and the terminations of existing personnel.  He approves raises and bonuses as well

28  as the rates paid to workers in California and rates not paid.  On behalf of his employer

1 | TRANSCORE, WALCOTT violated, or caused to be violated certain provisions of applicable
2 | Industrial Wage Orders and the Labor Code, including but not limited to minimum wage
3 | requirements and the payment of prevailing wages under Labor Code §§226.7, 558.1, 510, 1194,
4 | 1771 and 1774.)

5 | 20. Plaintiffs are informed and believe and based thereon allege that at all times
6 | mentioned herein Defendants DOES 1 through 150 were authorized to conduct business in the
7 | State of California, doing business as contractors performing work on construction projects,
8 | including public works projects.

9 | 21. Plaintiffs are informed and believe and based thereon allege that Defendants and
10 | DOES 1-150, are and at all relevant times herein mentioned were, the agents, servants and/or
11 | employees of each and every other Defendant alleged herein and that all acts and omissions herein
12 | complained of were performed within the course and scope of said employment, service and/or
13 | agency and with the consent of each of the Defendants mentioned herein. All actions of each
14 | Defendant herein alleged were ratified and approved by the directors, officers or managing agents
15 | of Defendants.

16 | 22. Plaintiffs are informed and believe and based thereon allege that Defendant Sureties
17 | DOES 151 – 200 acted as sureties for payment bonds on at least one of the public works projects
18 | where at least one Plaintiff worked, and that each was a corporation authorized to do business in
19 | the State of California, engaged under and by virtue of the laws of the State of California in making,
20 | guaranteeing, and becoming a surety on bonds and undertakings as required or authorized by law.
21 | Plaintiffs do not know the identity and formal name of each surety, which will be identified in
22 | discovery. Plaintiffs seek recovery against all applicable payment bonds in existence within the
23 | applicable statute of limitations.

24 | 23. Plaintiffs are informed and believe and based thereon allege that each of the
25 | Defendants named in this Complaint, including each of the "Doe" defendants, are responsible in
26 | some manner for one or more of the events and happenings, and proximately caused the injuries
27 | and damages, hereinafter alleged.

28 |

24.     The true names and capacities, whether individual, corporate, partnership, associate, or otherwise, of Defendants, DOES 1 through 200 are unknown to Plaintiffs who therefore sue these Doe Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to allege their true names and capacities when they are ascertained.

### III. GENERAL ALLEGATIONS

25.     Plaintiffs seek to recover their earned wages, including the prevailing wages earned on each, and all public works projects on which they performed work as employees of Defendants, and Does 1-150. Such projects were "public works" projects as defined by California Labor Code § 1720 et seq., for which Defendants, and Does 1-150 were required to pay prevailing wages.

26.     Plaintiffs are informed and believe and based thereon allege that Defendants entered into contracts to complete work as a contractor or subcontractor on public works projects including but not limited to projects listed in **Exhibit A**. Plaintiffs seek recovery for all wages owed for work within the four years prior to the filing of this Complaint. The projects where Plaintiffs were employed are not fully known but shall be identified hereafter as "the Projects."

27.     Plaintiffs are informed and believe and based thereon allege that in connection with the Projects, TRANSCORE entered into Agreements with Bay Area Infrastructure Financing Authority ("BAIFA") for BAIFA Express Lane Network Toll Collection System Integration & Maintenance for various public works projects including but not limited to those in **Exhibit A**.

28.     Plaintiffs are informed and believe and based thereon allege that DOES 151 through 200 issued Labor and Material Payment Bonds for the Projects.

29.     During the relevant times herein alleged, Plaintiffs worked for Defendants as a non-exempt employee performing those tasks and duties which, if properly classified, would be classified under the Prevailing Wage Law as an Inside Wireman.

30.     Plaintiffs were "worker(s)" as defined in Labor Code §1723. For their work on public works projects, Plaintiffs were required to be paid prevailing wages for each hour they worked at rates set by the State of California.

1    31.    The legal minimum wage rate for workers employed on California public works

2    is the "general prevailing rate of per diem wages" (Cal. Lab. Code §§ 1771, 1774) or more

3    commonly referred to as the "prevailing wage" rate.

4    32.    For their work on the Projects, Plaintiffs were required to be paid the minimum

5    prevailing wage rate assigned to the Inside Wireman Classification as set forth in semi-annual

6    and annual bulletins published by the Director of Industrial Relations ("DIR"). The proper

7    prevailing wage rate for the work performed in the State of California is considered the minimum

8    wage. It is the only legal wage that may be paid for work in execution of a public work contract.

9    In addition to the required straight-time hourly rate of pay, the term "prevailing wage" includes a

10   designated rate for hours typically associated with a second or third shift, overtime and holiday

11   work, travel time and subsistence pay. (Cal. Code of Regulations § 16000). All such rates are

12   published semi-annually by the California Department of Industrial Relations ("DIR") pursuant

13   to pertinent California regulations.

14   33.    At various dates during their employment Plaintiffs were paid less than the

15   statutory rate and were not paid for all of their overtime hours and were not compensated properly

16   for their travel and subsistence as required. Plaintiffs were not paid at the required prevailing

17   wage rates for the work they performed during their employment with Defendants, were not paid

18   for all hours worked, and were not paid overtime. As a result, Plaintiffs were underpaid and are

19   owed unpaid wages.

20   34.    In addition to the wage violations, Defendants engaged in other Labor Code

21   violations, including but not limited to:

22        •    Failing to provide itemized and accurate wage statements in violation

23             of Labor Code § 226(a); and,

24        •    Failing to pay all wages owed at time of separation (Lab. Code §203)

25   35.    Plaintiffs may have worked on other public works projects, other than the BAIFA

26   project, the identities of which are yet unknown. Plaintiffs seek to recover for all days and hours

27   worked on all projects worked, irrespective of the names of the projects, and reserve the right to

28   amend this complaint when the names of all projects are ascertained.

36. California law requires that on all public works projects, the contractor provide a payment bond from a qualified surety to guarantee the payment of all wages to all laborers of every class performing labor on, or bestowing skill or other necessary services, on the project. Plaintiffs are informed and believe a bond was issued for each public work project in compliance with the Civil Code.

## IV. FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES AND OVERTIME

**California Labor Code §§ 510, 558.1, 201-204, 1194, et seq., 1189, 1811 and 1815**

**(Brought by Plaintiffs Against Defendants**

**TRANSCORE, GRILL, WALCOTT and DOES 1 to 150)**

37. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

38. California Labor Code § 510 provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on a seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee . . .

Labor Code §558.1(a) provides in part: (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Labor Code §558.1(b) provides in part: For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code. As set forth above, Defendant GRILL is and was an employee, agent and/or representative of Defendant TRANSCORE. Plaintiffs are informed and believe that GRILL was TRANSCORE's Associate Vice President,

1   Area Manager, including for work performed on the public works projects in San Francisco and
2   Alameda California on behalf of his employer TRANSCORE. GRILL responsibilities with
3   TRANSCORE includes but is not limited to supervising and managing field supervisors
4   responsible for securing public works projects and managing the field services. GRILL approved
5   Plaintiffs' daily schedules, job assignments and the order and priority of the work to be performed,
6   including public projects that require the payment of prevailing wages.  GRILL is responsible for
7   hours worked, how the company is performing customer service and time off requests from the
8   workers.  GRILL is aware that the workers under his direction and control are not being paid the
9   proper prevailing wages.  On behalf of his employer TRANSCORE, GRILL violated or caused to
10  be violated certain provisions of applicable Industrial Wage Orders and the Labor Code, including
11  but not limited to minimum wage requirements and the payment of prevailing wages under Labor
12  Code §§226.7, 558.1, 510, 1194, 1771 and 1774.) Defendant WALCOTT was an employee, agent
13  and/or representative of Defendant TRANSCORE.  WALCOTT was TRANSCORE's Senior
14  Project Manager, including for work performed on the public works projects in California.
15  Plaintiffs are informed and believe that WALCOTT was TRANSCORE's Senior Project Manager,
16  including for work performed on the public works projects in California.  WALCOTT
17  responsibilities included helping TRANSCORE secure public works projects from the awarding
18  bodies. WALCOT was aware of the rates that the Plaintiffs were being paid and WALCOTT
19  interacted on a daily basis with the installation managers and other day-to-day job site supervisors
20  managing the Plaintiffs.  WALCOT personally hired many of the Plaintiffs, on boarding them as
21  direct employees of TRANSCORE approving the hiring of new personal and the terminations of
22  existing personnel.  WALCOTT approved raises and bonuses as well as the rates paid to workers
23  in California and rates not paid. On behalf of his employer TRANSCORE, WALCOTT violated,
24  or caused to be violated certain provisions of applicable Industrial Wage Orders and the Labor
25  Code, including but not limited to minimum wage requirements and the payment of prevailing
26  wages under Labor Code §§226.7, 558.1, 510, 1194, 1771 and 1774.)
27        39.      California Labor Code §1194 provides in relevant part that: "any employee
28  receiving less than the minimum wage or the legal overtime compensation applicable to the

employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

40.     Labor Code §1198 provides in relevant part, "the employment for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

ICW Order No. 16-2001(3)(A)(1) provides in relevant part:

> Employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:
>
> (a)     One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to an including 12 hours in any workday, and for the first (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and
>
> (b)     Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

41.     Labor Code §1811 provides, "The time of service of any workman employed upon public work is limited and restricted to 8 hours during any one calendar day, and 40 hours during any one calendar week, except as hereinafter provided for under Section 1815." Section 1815 provides in relevant part that "work performed by employees of contractors in excess of 8 hours per day, and 40 hours during any one week, shall be permitted upon public work upon compensation for all hours worked in excess of 8 hours per day at not less than 1 1/2 times the basic rate of pay."

42.     As alleged herein, Defendants failed to properly compensate Plaintiffs for all hours worked, for working off-the-clock, and for overtime. Plaintiffs did not receive compensation for all hours worked over eight hours per day or forty hours per week, including working various Saturdays and Sundays.

43.     In addition, California Labor Code § 226(a) provides in relevant part that: "Every employer shall . . . furnish each of his or her employees . . . an itemized statement in writing

showing . . . total hours worked by the employee . . . and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

44. California Labor Code §226(b) then provides in relevant part: "Any employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and shall be entitled to an award of costs and reasonable attorney's fees."

45. By their actions alleged above, Defendants violated the provisions of California Labor Code §§201-204, 226, 510, 1194, et seq., 1198, and 1815 and are therefore liable to Plaintiffs for the damages caused.

46. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of wages in amounts to be determined at trial and are entitled to injunctive relief and recovery of such amounts, including interest thereon, attorneys' fees, costs, and penalties. Wherefore, Plaintiffs pray for judgment as set forth herein.

**V. SECOND CAUSE OF ACTION**

**FAILURE TO PAY PREVAILING WAGES**

**California Labor Code §§ 1194, 558.1, 1771, 1774, 558 et seq.,**

**(Brought by Plaintiffs Against Defendants**

**TRANSCORE, GRILL, WALCOTT and DOES 1 to 150)**

47. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

48. At all times mentioned herein, Defendants were subject to the minimum wage requirements pursuant to Labor Code §1194 and to California's Prevailing Wage Law pursuant to Labor Code §1771 et seq., regarding work undertaken in execution of public contracts. Pursuant to Labor Code §1194, Defendants had a duty to pay Plaintiffs not less than the minimum required hourly rate of pay and legal overtime wage for their work on the Project. Pursuant to Labor Code

§§1771 and 1774, Defendants had a duty to pay Plaintiffs not less than the general prevailing rate of per diem wages, and not less than the general prevailing rate of per diem wages for holiday and overtime work.

49. The per diem wages and prevailing wages required to be paid pursuant to Labor Code §§§1194, 1771 and 1774 are set forth in annual and semi-annual bulletins published by the California Department of Industrial Relations.

50. Plaintiffs were paid less than the minimum required general prevailing rate of per diem wages for their work as required by Labor Code §§§1194, 1771 and 1774. Plaintiffs were paid a fraction of the required pay rate.

51. As alleged herein as a result of Defendants' violation of statutory duties, as more fully set forth above, Plaintiffs were damaged in an amount above the jurisdictional limits of this court. Plaintiffs seek the difference between the required prevailing wage rate for each hour worked and the amount actually paid. Pursuant to Labor Code §1194.2, Plaintiffs seek liquidated damages for failure to pay minimum wage. Plaintiffs' audit and investigations are continuing, however, the amounts claimed are above the jurisdictional minimum requirements of this court. Plaintiffs seek leave of court to amend this Complaint according to proof at the time of trial.

52. Labor Code §558.1(a) provides in part: (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Labor Code §558.1(b) provides in part: For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code. As set forth above Defendant GRILL is and was an employee, agent and/or representative of Defendant TRANSCORE. Plaintiffs are informed and believe that GRILL was TRANSCORE's Associate Vice President, Area Manager, including for work performed on the public works projects in San Francisco and Alameda California on behalf of his employer TRANSCORE. GRILL

1   responsibilities with TRANSCORE includes but is not limited to supervising and managing field
2   supervisors responsible for securing public works projects and managing the field services. GRILL
3   approved Plaintiffs daily schedule, job assignments and the order and priority of the work to be
4   performed, including public projects that require the payment of prevailing wages. GRILL is
5   responsible for hours worked, how the company is performing customer service and time off
6   requests from the workers. GRILL is aware that the workers under his direction and control are
7   not being paid the proper prevailing wages. On behalf of his employer TRANSCORE, GRILL
8   violated or caused to be violated certain provisions of applicable Industrial Wage Orders and the
9   Labor Code, including but not limited to minimum wage requirements and the payment of
10  prevailing wages under Labor Code §§226.7, 558.1, 510, 1194, 1771 and 1774.) Defendant
11  WALCOTT was an employee, agent and/or representative of Defendant TRANSCORE.
12  WALCOTT was TRANSCORE's Senior Project Manager, including for work performed on the
13  public works projects in California. Plaintiffs are informed and believe that WALCOTT was
14  TRANSCORE's Senior Project Manager, including for work performed on the public works
15  projects in California. WALCOTT responsibilities included helping TRANSCORE secure public
16  works projects from the awarding bodies. WALCOT was aware of the rates that the Plaintiffs were
17  being paid and WALCOTT interacted on a daily basis with the installation managers and other
18  day-to-day job site supervisors managing the Plaintiffs. WALCOT personally hired many of the
19  Plaintiffs, on boarding them as direct employees of TRANSCORE approving the hiring of new
20  personal and the terminations of existing personnel. WALCOTT approved raises and bonuses as
21  well as the rates paid to workers in California and rates not paid. On behalf of his employer
22  TRANSCORE, WALCOTT violated, or caused to be violated certain provisions of applicable
23  Industrial Wage Orders and the Labor Code, including but not limited to minimum wage
24  requirements and the payment of prevailing wages under Labor Code §§226.7, 558.1, 510, 1194,
25  1771 and 1774.)

26      53.     As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of
27  compensation in amounts to be determined at trial, and are entitled recovery of such amounts,
28

including interest thereon, and attorneys' fees, costs, and penalties. Wherefore, Plaintiffs pray for judgment as set forth herein.

## VI. THIRD CAUSE OF ACTION

### FAILURE TO PAY FOR MISSED MEAL AND REST BREAKS

#### California Labor Code §§ 226.7 and 512

#### (Brought by Plaintiffs Against Defendants

#### TRANSCORE, GRILL, WALCOTT, and DOES 1-150)

54.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

55.     At all times during their employments, Plaintiffs were covered under the California Labor Code, the California Code of Regulations, and by the provisions of the Industrial Welfare Commission Wage Orders, including IWC orders 16-2001.

56.     California Labor Code §§ 512 and 11070 of Title 8 of the California Code of Regulations, Subdiv. 11(A)-(B) require that an employer provide its employees with a 30-minute meal break for every five-hour increment of time worked. California Labor Code § 512(a) states:

(a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

57.     Subdivision 12(A) of 8 Cal. Code Regs. § 11070 and IWC Wage Orders require mandatory rest periods for non-exempt employees in the State of California. 8 Cal. Code Regs. § 11070, Subdiv. 12(A) states:

(a) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

58. California Labor Code § 226.7(b), 8 Cal. Code Regs. § 11070, Subdiv. 11(A)-(B) and 8 Cal. Code Regs. § 11070, Subdiv. 12(B) require that if an employer fails to provide an employee a meal or rest period, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

59. Defendants routinely failed to provide Plaintiffs with an uninterrupted 30-minute meal break for a work period of more than five hours per day and/or routinely failed to provide Plaintiffs with an uninterrupted second 30-minute meal break for a work period of more than 10 hours per day pursuant California Labor Code §§ 512(a) and 226.7, California Code Regs. § 11070 and applicable IWC Wage Orders.

60. Defendants routinely failed to provide Plaintiffs with 10-minute paid rest periods every 4 hours of work, or major fraction thereof, in compliance with California Labor Code §§ 512(a) and 226.7, California Code Regs. § 11070 and IWC Wage Orders.

61. As a result of Defendants' failure, Plaintiffs are entitled to recover an amount to be proven at trial, of not less than one additional hour of pay at Plaintiff's regular rate of compensation for each workday that all required meal breaks were not provided and one additional hour of pay at Plaintiffs' regular rate of compensation for each workday that all required rest periods were not provided. Plaintiffs are entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein. Plaintiffs have incurred, and will continue to incur, attorneys' fees and costs in the prosecution of this action.

## VII. FOURTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES DUE AT SEPARATION

### California Labor Code §§ 201-203, 558.1

#### (Brought by Plaintiffs Against Defendants

#### TRANSCORE, GRILL, WALCOTT and DOES 1 to 150)

62.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

63.     Sections 201 and 202 of the California Labor Code require Defendants to pay their employees all wages due within 72 hours of termination of employment. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

64.     Plaintiffs are entitled to compensation for all forms of wages earned, including, but not limited to, wages earned but not paid, and/or compensation for unlawful deductions, but to date have not received such compensation.

65.     More than a reasonable amount of time to pay wages due and owing has passed since Plaintiffs left Defendant's employ, and on information and belief, they have not received payment for all wages due pursuant to Labor Code, Sections 201-203.

66.     Labor Code §558.1(a) provides in part:  (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.  Labor Code §558.1(b) provides in part: For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code. As set forth above, Defendant GRILL is and was an employee, agent and/or representative of Defendant TRANSCORE. Plaintiffs are informed and believe that GRILL was TRANSCORE's Associate

Vice President, Area Manager, including for work performed on the public works projects in San
Francisco and Alameda California on behalf of his employer TRANSCORE. GRILL
responsibilities with TRANSCORE includes but is not limited to supervising and managing field
supervisors responsible for securing public works projects and managing the field services. GRILL
approved Plaintiffs' daily schedules, job assignments and the order and priority of the work to be
performed, including public projects that require the payment of prevailing wages. GRILL is
responsible for hours worked, how the company is performing customer service and time off
requests from the workers. GRILL is aware that the workers under his direction and control are
not being paid the proper prevailing wages. On behalf of his employer TRANSCORE, GRILL
violated or caused to be violated certain provisions of applicable Industrial Wage Orders and the
Labor Code, including but not limited to minimum wage requirements and the payment of
prevailing wages under Labor Code §§226.7, 558.1, 510, 1194, 1771 and 1774.) Defendant
WALCOTT was an employee, agent and/or representative of Defendant TRANSCORE.
WALCOTT was TRANSCORE's Senior Project Manager, including for work performed on the
public works projects in California. Plaintiffs are informed and believe that WALCOTT was
TRANSCORE's Senior Project Manager, including for work performed on the public works
projects in California. WALCOTT responsibilities included helping TRANSCORE secure public
works projects from the awarding bodies. WALCOT was aware of the rates that the Plaintiffs were
being paid and WALCOTT interacted on a daily basis with the installation managers and other
day-to-day job site supervisors managing the Plaintiffs. WALCOT personally hired many of the
Plaintiffs, on boarding them as direct employees of TRANSCORE approving the hiring of new
personal and the terminations of existing personnel. WALCOTT approved raises and bonuses as
well as the rates paid to workers in California and rates not paid. On behalf of his employer
TRANSCORE, WALCOTT violated, or caused to be violated certain provisions of applicable
Industrial Wage Orders and the Labor Code, including but not limited to minimum wage
requirements and the payment of prevailing wages under Labor Code §§226.7, 558.1, 510, 1194,
1771 and 1774.)

1      67.      As a consequence of Defendants' willful conduct in not paying all earned wages

2  when due, Plaintiffs are entitled to an additional 30 days wages under Labor Code section 203,

3  together with interest thereon and attorneys' fees and costs. Wherefore, Plaintiffs pray for

4  judgment as set forth herein.

5             **VIII. FIFTH CAUSE OF ACTION**

6        **RECOVERY UNDER STATUTORY PAYMENT BONDS**

7            **California Civil Code § 9558**

8    **(Brought by Plaintiffs Against Defendant Sureties DOES 151 to 200)**

9      68.      Plaintiffs re-allege and incorporate by reference each and every allegation set forth

10  in the preceding paragraphs.

11      69.      Plaintiffs are informed and believe that contemporaneously with the execution of

12  the contracts for public works projects where Plaintiffs worked, the Defendant Sureties DOES

13  151-200 issued payment bond(s) for the purpose of complying with Civil Code, which were

14  thereafter filed with and approved by the Awarding Body and/or its agents. The bonds were

15  statutory bonds and provided that if the contractor, or any of their subcontractors, failed to pay for

16  any work or labor performed on one or more of the respective public works projects, or for skill

17  or services provided to one or more of the respective public works projects, that the surety on the

18  bond would pay the same.

19      70.      Plaintiffs seek recovery against any and all payment bonds as allowed by law,

20  whether known or unknown, within the applicable statutes of limitations.

21      71.      As a further condition of the payment bonds, the sureties and each of them,

22  promised and agreed to pay for all unpaid labor, skill or services on the respective public works

23  projects at issue, for all laborers of every class on the respective public works projects at issue, and

24  for reasonable attorneys' fees to be fixed by the court in case suit was brought on the bond.

25      72.      There is now due, owing and unpaid wages for labor performed on one or more of

26  the respective public works projects at issue by Plaintiffs. Plaintiffs seek as damages the difference

27  between the amount paid and the legal minimum wage. Plaintiffs' audit and investigation are

28  continuing, however, the amounts claimed are above the jurisdictional minimum requirements of

1  this court. Plaintiffs will seek leave of court to amend this Complaint according to proof at the
2  time of trial. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of wages
3  in amounts to be determined at trial, and is entitled to recover such amounts, plus interest and
4  penalties thereon, attorneys' fees, and costs. Wherefore, Plaintiffs pray for judgment as set forth
5  herein.

### IX. SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

### California Bus. & Prof. Code §§ 17200 et seq.

### (Brought by Plaintiffs Against Defendants TRANSCORE and DOES 1 to 150)

10  73.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth
11  in the preceding paragraphs.

12  74.    Plaintiffs seek equitable relief for restitution and to enjoin Defendants from
13  engaging in the practices alleged in this Complaint and to require Defendants pay all monies
14  wrongfully withheld by Defendants' unfair business practices and unlawful competition.

15  75.    At all times relevant hereto, California Business and Professions Code §17200 et
16  seq. were in full force and effect. Section 17200 of the Business and Professions Code provides,
17  in relevant part, that "unfair competition shall mean and include any unlawful, unfair, or fraudulent
18  business act or practice. . . ."

19  76.    Defendants, and each of them, are "persons" as defined under Business and
20  Professions Code §17021. Each of the directors, officers, and/or agents of Defendants, and each
21  of them, are equally responsible for the acts of the other directors, officers, employees and/or
22  agents as set forth in the Business and Professions Code §17095.

23  77.    Plaintiffs suffered injury in fact and has lost money as a result of the unfair
24  competition of Defendants.

25  78.    Plaintiffs bring this action within the four-year statute of limitations under §17208
26  of the California Business and Professions Code.

27  79.    Defendants, and each of them, engaged in unlawful and unfair business practices
28  under California Business and Professions Code §17203. Defendants failed to pay required wages,

1    including but not limited to failing to pay wages pursuant to IWC orders, Labor Code statutes and

2    to pay for all hours worked.  Defendants failed to pay prevailing wages on public works projects,

3    all of which manifested as a pattern and practice whereby the Defendants engaged in unfair

4    competition and unfair business practices.    Specifically, Defendants gained a competitive

5    advantage in the marketplace by failing to pay lawful wages that were required of any other

6    legitimate businesses as a requirement to engage in public works in the State of California.

7        80.      At all times material to this action, Defendants' conduct described above is an

8    unfair, unlawful and/or fraudulent business practice in violation of California Business &

9    Professions Code §17200, et seq.

10       81.      As set forth below, Plaintiffs allege, that by the wrongful conduct as alleged,

11   Defendants have engaged in business within the State of California, as set forth and defined in

12   Business and Professions Code §§§17026, 17029, and 17073, in a manner that injures workers on

13   Public Works projects, leads to misrepresentations to the public about the manner in which

14   Defendants engaged in business, and/or destroys competition in violation of Business and

15   Professions Code §17043.

16       82.      Upon information and belief, Plaintiffs allege that Defendants engaged in the acts

17   and omissions heretofore alleged for the purpose of profiting from lower labor costs and obtaining

18   an unlawful or unfair advantage in the California public works construction market, all in a scheme

19   to engage in unfair competition, at the expense of Plaintiffs and to the detriment of public policy

20   for the lawful employment of workers on construction projects, including public works projects.

21       83.      As a direct and proximate result of these acts and omissions, the Defendants, and

22   each of them, were able to unfairly compete in the State of California as contractor or subcontractor

23   in violation of the Labor Code and the Business and Professions Code.

24       84.      Plaintiffs seek restitution of all unpaid wages.  In addition to restitution and

25   restoration of all wages owed to Plaintiffs, Plaintiffs seek to enforce any and all applicable

26   equitable remedies, including but not limited to an equitable accounting.

27   ///

28   ///

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

**A. PLAINTIFFS FOR THE FIRST AND SECOND CAUSES OF ACTION:**

1. For damages for unpaid wages, including overtime, measured as the difference between accrued wages at the proper wages and the actual wages paid to Plaintiffs and for such damages as may be recoverable under law, according to proof at trial;

2. For liquidated damages per Labor Code § 1194.2 for failure to pay minimum wage.

3. Damages per Labor Code § 226(a), up to $4,000, for false itemized wage statements pursuant to California law;

4. Pursuant to California law, an award of all accrued interest from the date that the wages were due and payable at the lawful rate specified in subdivision;

5. For waiting time penalties equal to 30 days wages under Labor Code §203; and

6. An award to Plaintiffs for all reasonable attorneys' fees and costs pursuant to California Labor Code § 1194 and/or other applicable state laws.

**B. FOR THE THIRD CAUSE OF ACTION:**

1. For damages for unpaid wages for missed meal and rest periods pursuant to Labor Code § 226.7(b) in the amount of one additional hour of pay at the worker's rate of compensation for each work day that all meal periods were provided, and one additional hour of pay at the worker's rate of compensation for each work day that all required rest periods were not provided, according to proof at trial;

2. For statutory penalties as may be recoverable under law;

3. For pre-judgment interest;

4. For attorneys' fees and costs pursuant to Labor Code §§ 226.7(b), 1194 and/or other applicable state laws.

**C. FOR THE FOURTH CAUSE OF ACTION:**

1. Waiting time penalties of thirty days of pay at Plaintiffs' regular rate of pay, for interest thereon at the maximum legal rate, and for reasonable attorney fees and costs.

///

**D.    FOR THE FIFTH CAUSE OF ACTION:**

1.    For damages for unpaid wages, including overtime, measured as the difference between accrued wages at the proper wages and the actual wages paid to Plaintiffs and for such damages as may be recoverable under law, according to proof at trial;

2.    For liquidated damages per Labor Code §1194.2 for failure to pay minimum wage;

3.    Damages per Labor Code § 226(a), up to $4,000, for false itemized wage statements pursuant to California law;

4.    Pursuant to California law, an award of all accrued interest from the date that the wages were due and payable at the lawful rate specified in subdivision;

5.    For waiting time penalties equal to 30 days wages under Labor Code §203;

6.    For waiting time penalties equal to 30 days wages under Labor Code §203.5, and,

7.    For attorneys' fees and costs.

**E.    FOR THE SIXTH CAUSE OF ACTION:**

1.    An order imposing a constructive trust upon Defendants to compel them to transfer Plaintiffs' wages that have been wrongfully obtained and withheld by Defendants to the detriment of Plaintiffs;

2.    An award of restitution to Plaintiffs in the amount equal to all unpaid wages, including overtime wages owed, in a total amount to be proven at trial, plus interest as provided by statute;

3.    A declaration that Defendants have engaged in unlawful and unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 et seq. and notice to relevant governmental agencies and departments as determined by the Court;

4.    A preliminary and/or permanent and mandatory injunction as provided under California Business and Professions Code §§ 17200 et seq. enjoining Defendants and their respective successors, agents, servants, officers, directors, employees and all persons acting in concert with them from pursuing the policies, acts and practices complained of herein and prohibiting Defendants from continuing such acts of unfair and illegal business acts and practices;

| | |
|---|---|
| 1 | 5.  Equitable remedies, including but not limited to an equitable accounting, as the |
| 2 | Court deems just and proper under the circumstances. |
| 3 | **F.  FOR ALL CAUSES OF ACTION:** |
| 4 | 1.  For reasonable attorneys' fees and costs pursuant to California law; |
| 5 | 2.  For expenses and costs of suit; |
| 6 | 3.  For pre-judgment interest; and |
| 7 | 4.  Such other relief as the court deems just and proper under the circumstances. |
| 8 | **JURY TRIAL DEMAND** |
| 9 | PLAINTIFFS hereby demand their constitutional right to trial by jury for all triable issues |
| 10 | in the above-entitled action. |
| 11 | |
| 12 | Dated: September 19, 2022      DONAHOO & ASSOCIATES, PC |
| 13 | |
| 14 | |
| 15 | By: _____ |
| 16 | Richard E. Donahoo |
| 16 | Sarah L. Kokonas |
| 17 | Judith L. Camilleri |
| 17 | William E. Donahoo |
| 18 | Attorneys for Plaintiffs |

1

## Exhibit A

2

Projects include, but are not limited to, toll system integration and maintenance services for express lanes on the following Corridors:

3

4
   1. I-680 in Contra Costa County between Alcosta Road and Rudgear Road.
5
   2. I-880 in Alameda County between Marina/Lewelling Boulevard and Dixon Landing Road.
6
   3. SR-92, the San Mateo Bridge westbound approach.
7
   4. SR-84, the Dumbarton Bridge westbound approach.
   5. I-80 in Solano County between Red Top Road and Air Base Parkway.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT